# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) Criminal Case No. 2:23cr00001-006 |
| v. | ) |
| | ) **REPORT AND** |
| **GARRETT LEE TEFFETELLER,** | ) **RECOMMENDATION** |
| Defendant | ) |

### *I. Background*

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3), and upon the defendant's written consent, this case was referred to the Honorable Pamela Meade Sargent, United States Magistrate Judge, to conduct a plea hearing.

### *II. Facts*

The defendant has been charged in a multiple-count Indictment. On June 15, 2023, a plea hearing was conducted before the magistrate judge, and the defendant entered a plea of guilty to Count One of the Indictment, charging him with conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).

At this hearing, the defendant was placed under oath and testified that he is 43 years old and that he had completed high school and attended some vocational school classes. The defendant testified that he reads and writes the English language.

The defendant testified that he had a long history of mental health problems and/or treatment. Prior to his plea hearing, the defendant was detained for the purpose of a competency evaluation. As a result of this evaluation, the defendant was diagnosed with an other specified anxiety disorder. The defendant stated that he was currently prescribed Abilify, Cymbalta and Lamictal for his mental health symptoms. Despite taking these medications daily as prescribed, the defendant testified that he continued to suffer from anxiety. The defendant stated that he also was prescribed medications for his physical health problems.

The defendant testified that he had a long history of substance abuse. The defendant testified that, at the time of his arrest in January 2023, he was abusing methamphetamine, hallucinogens and marijuana. The defendant stated that he had not used any of these substances since his arrest. He also testified that he was not under the influence of any drug, medication or alcoholic beverage.

The defendant testified that his mental and physical health problems, medications, substance abuse and/or lack of treatment did not prevent him from making decisions in his best interests or understanding the nature or consequences of the court proceedings. Defense counsel stated that he had no reason to suggest that the defendant was not competent to enter his plea.

The defendant stated that he was fully aware of the nature of the charge against him and the consequence of pleading guilty to that charge. The defendant was advised in open court of the charge contained against him in the Indictment.  He testified that he had fully discussed the charge, and his case in general, with his

counsel. He also testified that he had read the Plea Agreement in its entirety, and he had discussed the Plea Agreement with his counsel before signing the Agreement. He stated that he understood the terms of the Plea Agreement and that the document presented to the court set forth his agreement with the Government in its entirety. The defendant specifically testified that he understood that, under the terms of the Agreement, he was waiving any right to directly appeal or collaterally attack his conviction and sentence, insofar as he may legally do so.

    The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offense charged. The defendant also stated that no one had made any promises, other than those contained in the Plea Agreement with the Government, assurances or threats to him in an effort to induce his plea.  The defendant testified that he understood that the offense with which he is charged is a fleony and that, if his plea is accepted, he will be adjudged guilty of the offense and that this adjudication may deprive him of valuable civil rights such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess a firearm. The defendant further testified that he understood that the offense with which he is charged is a drug offense and that, if his plea to this charge is accepted, he will be adjudged guilty of the offense and that this adjudication will make him ineligible for certain federal benefits including certain Social Security and food stamp benefits.

    The defendant was informed of the possible maximum and mandatory minimum penalties provided by law for the offense with which he is charged. In particular, the defendant stated that he understood that the drug offense to which he

was pleading guilty carried a mandatory minimum sentence of 10 years' imprisonment. The defendant stated that he understood that he would receive a sentence of at least 10 years of imprisonment.

The defendant also was informed that, under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant testified that he and his counsel had discussed how the Sentencing Guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the guideline sentence for his case until after a presentence report has been completed and both parties have an opportunity to challenge the reported facts and the application of the Guidelines. The defendant stated that he understood that, after the applicable guideline range was determined, that the district judge has the authority in some circumstances to depart from the Guidelines and impose a sentence that is more severe or less severe than the sentence called for by the Guidelines. He stated that he understood that the Sentencing Guidelines were no longer mandatory, and after considering the Guidelines and the factors listed under 18 U.S.C. § 3553(a), the district judge may sentence outside of the Guidelines and up to the statutory maximum sentence. He stated that he understood that the eventual sentence imposed may be different from any estimate his attorney, the U.S. Attorney's Office or the U.S. Probation Office has given him. The defendant stated that he knew that parole had been abolished and that if he is sentenced to prison, he will not be released on parole and will serve his full term of imprisonment.

The defendant stated that he was stipulating that the following Sentencing

Guidelines should apply to his case:

> Section 2D1.1(c) for a base Offense Level of 30 based on at least 50 grams but less than 150 grams of methamphetamine.

The defendant also testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which would be waived or given up if his guilty plea is accepted:

    i.    The right to plead not guilty to any offense charged against him;
    ii.    The right at trial to be presumed innocent and to force the Government to prove his guilt beyond a reasonable doubt;
    iii.    The right of assistance of counsel;
    iv.    The right to see, hear and cross-examine witnesses;
    v.    The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses; and
    vi.    The right to decline to testify unless he voluntarily elected to do so in his own defense.

The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his current counsel. He stated that he had no complaints whatsoever regarding his attorney's representation. The defendant also testified that he understood the possible consequences of his plea and asked the court to accept his plea of guilty to Count One of the Indictment.

The Government presented the following evidence regarding the offense with which the defendant is charged:

Between September 1, 2021, and September 30, 2022, the defendant and others knowingly and intentionally conspired to distribute and possess with the intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in Lee County, Virginia, which is within the Western District of Virginia.

During the relevant period, until approximately March 2022, Teffeteller purchased at least an eight ball of crystal or "ice" methamphetamine every week from co-conspirator Billy King, ("King"). King facilitated a relationship between Teffeteller and co-conspirator John (also known as Jack) Foster, ("Foster") and others, so that Foster and the others could purchase methamphetamine directly from Teffeteller while King went on a trip to Colorado. In March 2022, Teffeteller was introduced to co-conspirator Robert Warr (also known as "Bird"), who served as a source of supply for King. Warr contacted Teffeteller while King was in Colorado and told Teffeteller he would take care of supplying him with drugs while King was out of town.

From April 2022 to September 2022, Foster purchased approximately an ounce of methamphetamine per week from Teffeteller for $250 per ounce. Foster redistributed the methamphetamine he purchased from Teffeteller during the conspiracy in Lee County, Virginia.

Teffeteller had knowledge of the overall objectives and scope of the conspiracy and knowingly and voluntarily participated in it. Teffeteller personally distributed at least 50 grams of

methamphetamine over the life of, and in furtherance of, the conspiracy.

After the Government presented its summary of this evidence, the defendant stated that he agreed that the Government could present this evidence at trial, with the exception that he disputed that he was buying and selling methamphetamine each week. The defendant did agree that he was personally responsible for the distribution of at least 50 grams of methamphetamine. He had no other dispute with or objection to the Government's summary of its evidence.

## PROPOSED FINDINGS OF FACT

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;
2. The defendant is aware of the nature of the charges and the consequences of his plea;
3. The defendant knowingly and voluntarily entered a plea of guilty to Count One of the Indictment; and
4. The evidence presents an independent basis in fact containing each of the essential elements of the offense to which the defendant is pleading guilty.

## RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned recommends that this court accept the defendant's plea of guilty to Count One of the Indictment and

adjudge him guilty of that offense.

### Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, Chief United States District Judge.

The Clerk is directed to send certified copies of this Report and Recommendation to all counsel of record at this time.

DATED:   This 16th day of June, 2023.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE

–8–